J-S62005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ANTONIO RUFFIN | |
| Appellant | No. 378 MDA 2016 |

Appeal from the PCRA Order January 21, 2016
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000023-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED NOVEMBER 30, 2016**

David Antonio Ruffin ("Appellant") appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  After careful review, we affirm.

On April 6, 2015, Appellant pleaded guilty to institutional vandalism,[1] resisting arrest,[2] retail theft,[3] and disorderly conduct.[4]  Appellant's counsel field a petition for appeal bail, which the trial court denied.  On May 20, 2015, the trial court sentenced Appellant to pay a fine of $50.00 for the

_____

[1] 18 Pa.C.S. § 3307.

[2] 18 Pa.C.S. § 5104.

[3] 18 Pa.C.S. § 3929.

[4] 18 Pa.C.S. § 5503.

retail theft and an aggregate sentence of eight to thirty months' incarceration on the other convictions.[5]  Appellant did not file a direct appeal.

On July 23, 2015, Appellant filed a timely PCRA petition.[6]  The Commonwealth filed its answer to the petition on September 1, 2015.  On October 22, 2015, appointed PCRA counsel filed a **Turner/Finley**[7] no-merit letter in which he indicated there were no meritorious issues, together with a petition to withdraw.  On December 8, 2015, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a

_____

[5] Specifically, the trial court sentenced Appellant to consecutive sentences of three to twelve months' incarceration for the institutional vandalism conviction, three to twelve months' incarceration for the resisting arrest conviction, and two to six months' incarceration for the disorderly conduct conviction.  Each sentence was a standard range sentence.

[6] The allegations contained within Appellant's PCRA petition included, in their entirety:

> I never spit on nobody.  I never caused any damage to Carbondale Police Station nor threw ceiling panels at officers.  I only attempted to steal one bag of chips, I payed [sic] for the rest.

> I have never escaped from any institution.

> I need a different attorney.  He failed to file motion of reconsideration, and the plea bargain, for time served.

PCRA Petition, p. 4.

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

hearing ("Notice of Intent to Dismiss"),[8] to which Appellant responded on December 28, 2015. On January 21, 2016, the PCRA court dismissed the petition.[9] On February 11, 2016, Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[10]

In his *pro se* brief, filed with this Court on May 19, 2016, Appellant raises the following issues for review:

> 1. Whether the representation afforded to appellant was defective when his attorney erred in putting no effert into appellant bail reduction petition, when counsel was first afforded to appellant.
>
> 2. Whether appellant's plea of guilty was unconstitutional when the court and my (appellant) attorney erred in not informing me the true nature of the charges against me, not providing me with the correct statute description(s).

---

[8] In its Notice of Intent to Dismiss, the PCRA court rephrased Appellant's issues as (1) an assertion "that the description of the crimes alleged by the Commonwealth is incorrect, and [(2)] that [Appellant] was promised a sentence of time served but did not receive it." Notice of Intent to Dismiss, p. 2. The PCRA court further acknowledged that Appellant attempted to raise an illegal sentence claim in response to appointed counsel's **Turner/Finley** letter. **See id.**

[9] On August 17, 2016, this Court remanded this matter out of an abundance of caution to determine whether the PCRA court had actually granted appointed PCRA counsel's petition to withdraw. **See Commonwealth v. Ruffin**, 378 MDA 2016 (unpublished memorandum). On August 23, 2016, the PCRA court entered an order confirming that, on December 8, 2015, it had entered an order allowing PCRA counsel to withdraw. **See** Docket No. CP-35-CR-0000023-2015, p. 7.

[10] The PCRA court's Pa.R.A.P. 1925(a) opinion, filed April 7, 2016, adopts the reasoning contained in the court's December 8, 2015 Notice of Intent to Dismiss as its 1925(a) opinion.

3. Whether the representation afforded to appellant was defective in not investigating and or performing certain pretrial functions.

4. Whether representation afforded to appellant was defective when attorney erred in introducing appellant's mental health evaluation, misconduct's received at Lackawanna county prison, and out-of-state warrants.

5. Whether representation afforded to appellant was defective when attorney erred in not objecting to the admissibility of appellant's misconduct's received at Lackawanna county prison (LCP), the colored uniform used to designated RHU (restricted housing unit) status, out-of-state warrants, mental health evaluation, and district attorney introducing details of the case that were not in the affidavit.

6. Whether my plea of guily was unconstitutional when the trial court erred in allowing me (appellant) to continue entering my plea of guilty accepting my plea of guilty after representation afforded to me yell at me, using double entendre that ment to me a threat after the trial court asked me did I pull down ceiling tille panels in the Carbondale Police Station bathroom.

7. Whether my conviction was based upon evidence the prosecution and my attorney knew or should have known was false.

8. Whether attorney afforded to appellant was defevtive and ineffective when attorney erred in not filing an appeal although appellant would have wanted to file one.

9. Whether appellant was denied his Eighth Amendment right to be free from excessive fines, costs, and cruel and unusual punishment

10. whether the trial court erred in sentencing appellant outside the standard and aggravated ranges of appellant's guidelines and did not state valid reason for aggravated sentence.

Appellant's Brief, Statement of Questions Presented[11] (verbatim).

---

[11] Appellant does not begin numbering his brief until the Argument section.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Appellant first claims trial counsel was ineffective for failing to put any effort into his bail petition. ***See*** Appellant's Brief, p. 1. This issue is waived and lacks merit.

Initially, while Appellant did raise a claim in his PCRA petition that trial counsel failed to file a motion for reconsideration or obtain an alleged time served plea deal, Appellant did not raise a claim pertaining to counsel ineffectiveness resulting from a lack of effort put into a bail petition.

Accordingly, Appellant waived this issue for review. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa.2006) ("an issue is waived where it was not presented in the original or amended PCRA petition below").

Further, even had Appellant properly raised the issue, it lacks merit. Pennsylvania courts apply the *Pierce*[12] test to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not

---

[12] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa.1987).

address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Here, at the guilty plea hearing, trial counsel argued for Appellant to remain free on appeal bail following his guilty plea. N.T. 4/6/2015, pp. 8-12. The trial court's denial of the request does not transform counsel's advocacy into ineffective assistance. ***See Commonwealth v. Chester***, 587 A.2d 1367 (Pa.1991) (a court may not make a finding of ineffectiveness merely because a trial strategy was unsuccessful).

Next, Appellant claims that his guilty plea was unconstitutional because trial counsel failed to inform him of the true nature of the charges against him. ***See*** Appellant's Brief, p. 1. Initially, Appellant did not raise this claim in his PCRA petition, and it is accordingly waived. Further, trial counsel and the trial court explained the nature of the charges Appellant faced at his guilty plea hearing. ***See*** 4/6/2016, pp. 2, 4, 5-7. Accordingly, this claim also lacks merit.

Thirdly, Appellant claims counsel failed to investigate his case and that the Commonwealth failed to proffer sufficient evidence to convict him of institutional vandalism. ***See*** Appellant's Brief, pp. 1-2. Appellant did not raise these claims in his PCRA petition, and they are waived. Further, Appellant waived these evidence-based claims when he pleaded guilty. ***See Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa.2014) ("upon entry of a guilty plea, a defendant waives all claims and defenses other than those

sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed").

In his fourth claim, Appellant argues trial counsel provided ineffective assistance of counsel by introducing a mental health evaluation. *See* Appellant's Brief, p. 2. This claim is also waived because Appellant did not raise it in his PCRA petition. Further, the guilty plea transcript reveals counsel mentioned Appellant's mental health evaluation in the course of Appellant's bail motion, after Appellant's guilty plea had been entered. *See* N.T. 4/6/2016, pp. 9-11. Accordingly, this claim fails.

Fifth, Appellant claims counsel was ineffective for failing to object to the admissibility of Appellant's conduct at Lackawanna County Prison in relation to the trial court's imposition of his sentence. *See* Appellant's Brief, p. 3. This issue is waived by Appellant's failure to object at sentencing and failing to raise it in his PCRA petition. Further, a defendant's conduct in prison is admissible for the trial court's consideration in imposing sentence. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 n.3 (Pa.Super.2003) (noting that conduct during incarceration appropriate to consider at sentencing because it is not otherwise accounted for in Sentencing Guidelines). Accordingly, this claim too fails.

In his sixth claim, Appellant argues that the trial court erred in allowing him to plead guilty after trial counsel yelled at him. *See* Appellant's Brief, pp. 3-4. This claim is waived for Appellant's failure to raise it in his PCRA petition. Additionally, the guilty plea transcript reveals that Appellant

knowingly, intelligently, and voluntarily entered his plea with the court. **See** 4/6/2015, pp. 3-8. Accordingly, in addition to being waived, this claim lacks merit.

Seventh, Appellant claims the prosecution withheld exculpatory evidence from the defense. **See** Appellant's Brief, p. 4. Appellant waived this claim by failing to raise it in his PCRA petition and by pleading guilty.

Appellant's eighth claim contends trial counsel was ineffective for failing to file a direct appeal. **See** Appellant's Brief, p. 5. While a petitioner is ordinarily entitled to automatic reinstatement of his direct appeal rights when counsel fails to file a requested direct appeal,[13] Appellant waived this claim by failing to raise it in his PCRA petition.

In his ninth claim, Appellant claims the imposition of court costs and a $50.00 fine for retail theft violated his Eighth Amendment right to be free from cruel and usual punishment. **See** Appellant's Brief, pp. 5-6. Appellant waived this claim by failing to raise it in his PCRA petition. Further, in light of the fact Appellant faced a maximum fine of $300.00 for his retail theft conviction, his $50.00 fine did not constitute cruel or unusual punishment. Finally, court costs are not a "punishment" governed by the Eighth Amendment. **See Commonwealth v. Ciptak**, 657 A.2d 1296, 1297 (Pa.Super.1995), *appeal granted*, *order rev'd on other grounds*, 665 A.2d

---

[13] **See Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa.Super.2011).

1161 (Pa.1995) (citations omitted) ("A defendant who has been convicted of a crime, [sic] is liable for the costs of prosecution . . . The defendant's liability for costs is not part of the punishment for the offense, and it is not a sentence to pay something additional to any penalty imposed by law. Instead, the costs of prosecution are incident to judgment."). This claim fails.

Finally, Appellant's tenth claim alleges the trial court erred in sentencing him outside the standard and aggravated range of the Sentencing Guidelines. **See** Appellant's Brief, p. 6. Again, Appellant waived this claim by failing to include it in his PCRA petition. Further, contrary to Appellant's claims, the trial court sentenced Appellant *within* the standard range, despite Appellant's terrible conduct at the Lackawanna County Prison. **See** N.T. 5/20/2015, p. 6. Accordingly, Appellant's tenth claim lacks merit.

Appellant's claims fail for the reasons stated above. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed. Appellant's applications for bail, release, and correction of the original record denied.[14] Appellant's application to expedite denied as moot.[15]

---

[14] Appellant filed applications for bail on April 19, May 11, 2016, and August 25, 2016, an application for correction of the record on May 5, 2016, and applications for release on June 22 and July 11, 2016.

[15] Appellant filed a "Motion for Expediant [sic] Rule" on October 5, 2016.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2016